

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Dana A. Dwiggins, Esq., Bar No. 7049<br>ddwiggins@sdfnvlaw.com<br>Jeffrey P. Luszeck, Esq. Bar No. 9619<br>jluszeck@sdfnvlaw.com<br>SOLOMON DWIGGINS & FREER, LTD.<br>9060 West Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>Telephone: (702) 853-5483<br>Facsimile: (702) 853-5485<br><br>*Attorneys for Defendant Lynn Martinez* |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LYNN MARTINEZ, AMERICAN FUNERAL FINANCIAL, LLC, DIANE COLLEY, MICHELLE COLLEY, MELISSA COLLEY and MEGAN COLLEY,<br><br>Defendants. | CASE NO. 2:16-cv-01845<br><br>**STIPULATION AND ORDER DISCHARGING NATIONWIDE LIFE INSURANCE COMPANY AND <u>FOR DISMISSAL</u>**<br><br>ECF No. 36 |

This Stipulation is entered by and between the following parties, by and through their respective counsel: Nationwide Life Insurance Company ("Nationwide"), Lynn Martinez ("Martinez"), America Funeral Financial, LLC ("AFF"), Diane Colley, Michelle Colley, Melissa Colley and Megan Colley (collectively, the "Colleys").

## **FACTS**

1. On or about November 30, 1992, Nationwide issued its Life Insurance Policy Number L030421220 (the "Policy"), to David Colley. David Colley was both the owner of and insured under the Policy.

2. In his application for the Policy, Mr. Colley listed his then spouse,

Defendant Diane Colley, as the primary beneficiary under the Policy. Mr. Colley listed his daughters, Michelle Colley, Melissa Colley and Megan Colley, as contingent beneficiaries.

3. On or about October 16, 2015, Nationwide received an Application for Change of Beneficiary Designation by which Mr. Colley requested that the primary beneficiary under the Policy be changed to Lynn Martinez, "girlfriend/fiancé," and that the contingent beneficiaries be changed to Robert R. Roik, "friend," Lisa Johnson, "friend," Jeffrey Strough, "friend," and Jayme Strough, "friend." Mr. Colley's signature is dated October 16, 2015, and his signature witnessed by Carla Roik on December 1, 2015.

4. Mr. Colley died on March 4, 2016.

5. On March 8, 2016, Nationwide received an "Insurance Assignment" from Defendant AFF purporting to assign $11,738.80 in Policy death benefits to AFF. The Assignment Form is signed by Defendant Lynn Martinez and is dated March 7, 2016.

6. On or about April 11, 2016, Nationwide received a Life Beneficiary Claim Form from Defendant Lynn Martinez, requesting payment of the Policy's death benefits to her.

7. On or about April 19, 2016, Nationwide received a letter from Diane Colley, indicating that Mr. Colley was placed into a nursing home in October, 2015, due to his condition of a "brain tumor" and that he "was not able to make clear decisions." Diane Colley questioned the October, 2015, change of beneficiary to Defendant Lynn Martinez because "Mr. Colley was being manipulated in his condition." Diane Colley requested that Nationwide immediately investigate this matter.

8. As a result of the foregoing, Nationwide is unsure as to whom should receive the Policy's death benefits.

9. Nationwide is, and always has been, ready, able and willing to pay the

death benefits due under the Policy to the person(s) who may be lawfully entitled to receive them. Nationwide, however, is unable to determine who is entitled to receive the death benefits payable under the Policy, as between the Defendants, without being faced with the real and reasonable potential of multiple claims and liability under the Policy.

**STIPULATION**

10. Nationwide is a disinterested stake holder and has no interest in the death benefits payable under the Policy.

11. Nationwide shall pay $11,738.30 to the Payne & Fears LLP Client Trust Account on behalf of AFF from the Policy proceeds. Nationwide shall deposit the remainder of the Policy proceeds with the Clerk of the Court.

12. Martinez and the Colleys shall separately litigate their rights to the Policy proceeds. Specifically, the Colleys shall amend their answer and add a counterclaim stemming from their belief that the change of beneficiary designation to the Nationwide policy is inappropriate, at which time Martinez shall file her answer.

13. Nationwide will be released, discharged and forever acquitted from any and all liability in connection with, arising out of, or relating to the issuance of the death benefits payable under the Policy, upon payment of the $11,738.30 to AFF and the remainder of the Policy proceeds to the Clerk of the Court.

14. This action shall be dismissed with prejudice, as to Nationwide and AFF, only, with each to bear its own attorneys' fees and costs.

15. Following the dismissal of Nationwide and AFF with prejudice, the Colleys and Martinez shall litigate their claims regarding the payment of the remaining Policy proceeds.

16. That after the Colleys amend their answer and add the counterclaim as referenced above, the Colleys and Martinez request that this matter be referred to a Magistrate Judge for a settlement conference.

| | |
|---|---|
| DATED: May 18, 2017 | DATED: May 18, 2017 |
| THOMPSON COBURN LLP | WOODBURN AND WEDGE |
| By: */s/ John L. Viola*<br>John L. Viola<br>Admitted Pro Hac Vice<br>Attorney for Plaintiff, Nationwide Life Insurance Company | By: */s/ W. Chris Wicker* .<br>W. Chris Wicker, Esq.<br>Nevada Bar No. 1037<br>Attorney for Plaintiff, Nationwide Life Insurance Company |
| DATED: May 18, 2017 | DATED: May 18, 2017 |
| THRONE & HAUSER | PAYNE & FEARS LLP |
| By: */s/ Dawn R. Throne*<br>Dawn R. Throne<br>Nevada Bar No. 6145<br>Attorneys for Defendant and Cross Defendants Diane Colley, Michelle Colley, Melissa Colley and Megan Colley | By: */s/ Chad Olsen*<br>Gregory H. King<br>Nevada Bar No. 7777<br>Chad Olsen, Nevada Bar No. 12060<br>Attorneys for Defendant and Cross-Claimant, American Funeral Financial, LLC |

DATED: May 18, 2017

SOLOMON DWIGGINS & FREER, LTD.

By: */s/ Jeffrey P. Luszek*
Jeffrey P. Luszek
Nevada Bar No. 9619
Attorneys for Defendant and Cross-Defendant Lynn Martinez

**ORDER**

IT IS SO ORDERED. **All claims in this action by and against Nationwide Life Insurance Company and American Funeral Financial, LLC are DISMISSED with prejudice. The Colley defendants have until June 12 to file an amended answer and crossclaim against Martinez.** Failure to file a crossclaim by that date will result in the dismissal of this entire case for lack of a pending claim. Once the crossclaim has been filed, the remaining parties may move for a referral to a magistrate judge for a settlement conference.

_____
U.S. District Judge Jennifer Dorsey
6-1-17